UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARK MORRIS**                                                                                   **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL**                                                       **NO. 09-648-D-M2**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, August 26, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARK MORRIS                                                                  CIVIL ACTION

VERSUS

BURL CAIN, ET AL                                                              NO. 09-648-D-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Mark Morris ("Morris").  The State has filed an opposition (R. Doc. 14) to Morris' petition.

## PROCEDURAL BACKGROUND

Morris was found guilty of one count of felon in possession of a firearm, four counts of armed robbery, one count of aggravated kidnapping, and one count of second degree murder in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on July 23, 1999.  He was sentenced to a ten year term of imprisonment on the firearms conviction, four 75 year terms of imprisonment on the armed robbery convictions, and life imprisonment on both the aggravated kidnapping conviction and the second degree murder conviction.  The sentences were to be served at hard labor without the benefit of parole, probation, or suspension of sentence.

On November 3, 2000, the First Circuit Court of Appeals affirmed Morris' convictions and sentences.  *See, State of Louisiana v. Mark Morris*, 1999-3075 (La.App. 1 Cir. 11/3/00), 770 So.2d 908.  He then sought review by the Louisiana Supreme Court, which denied review on October 12, 2001.  *See, State v. Mark Morris*, 2000-3293 (La. 10/12/01),

799 So.2d 496.  Morris then sought review by the U.S. Supreme Court, which denied review on March 18, 2002.  *See, Mark Morris v. Louisiana*, 535 U.S. 934, 122 S.Ct. 1311, 152 L.Ed.2d 220 (2002).

On February 17, 2003, Morris filed a Writ of Certiorari and Prohibition pursuant to La.C.Cr.P. art. 822(B) in the state trial court contending that he received illegal sentences because of invalid indictments.  Such writ was denied on March 31, 2003, and he did not seek appellate review of that writ denial.  Prior to that denial, Morris alleges to have mailed a Second Writ of Certiorari and Prohibition on April 21, 2003, which apparently contested the grand jury foreman selection process.  According to the State's opposition, however, neither the District Attorney's Office nor the 19th Judicial District Court Clerk of Court ever received that second writ.

Nearly a year later, Morris filed an application for post-conviction relief in the state trial court on or about March 8, 2004.  The state trial court denied that application on May 19, 2004, specifically relying upon La.C.Cr.P. art. 930.8.  Morris then sought review by the First Circuit Court of Appeals on July 8, 2004.  The First Circuit denied review on September 27, 2004.  *See, State of Louisiana ex rel. Mark Morris v. State of Louisiana*, 2004-1735 (La.App. 1st Cir. 9/27/04)(unpublished opinion).  Morris then applied for supervisory review with the Louisiana Supreme Court, which was denied on March 31, 2006.  *See, State of Louisiana ex rel. Mark Morris v. State of Louisiana*, 2005-1899 (La. 3/31/06), 925 So.2d 1252.

On April 19, 2006, Morris filed a prior habeas petition with this Court, wherein he alleged a *Brady* violation, ineffective assistance of counsel, and prosecutorial misconduct.  *See, Morris v. Cain, et al*, Civil Action No. 06-289-B-M1.  This Court dismissed that prior

habeas application with prejudice as untimely under 28 U.S.C. §2244(d) on August 17, 2006 because Morris' conviction became final on March 18, 2002, and the one (1) year time period for filing his habeas application had already expired before he even filed his application for post-conviction relief in the state trial court on March 8, 2004.  After Morris' request for a certificate of appealability was denied by this Court on September 7, 2006, he appealed to the U.S. Fifth Circuit Court of Appeals.  On July 12, 2007, the Fifth Circuit granted Morris' request for a certificate of appealability and ordered supplemental briefing by the parties.  On August 20, 2008, the Fifth Circuit affirmed this Court's decision dismissing Morris' prior habeas application with prejudice on the ground that his claims are procedurally barred.  Morris filed a petition for rehearing and rehearing en banc, which was denied on September 28, 2008.

Morris then filed the present habeas application on or about August 12, 2009.  The petition was initially dismissed without prejudice because of Morris' failure to pay the requisite filing fee or a pauper affidavit and statement of account.  Morris subsequently complied with the proper filing process, and his habeas petition was reinstated on May 27, 2010.  In his habeas petition, Morris does not submit any new claims but instead asserts arguments as to why his prior habeas petition should have been considered and granted.

## **LAW & ANALYSIS**

Pursuant to 28 U.S.C. §2244(b)(3)(A), before a second or successive application for federal habeas relief is permitted to be filed, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider his/her application.  28 U.S.C. §2244(b)(3)(A).  Without such authorization, a federal district court is without jurisdiction to consider successive habeas applications.  *United States v. Key*, 205 F.3d

773, 774 (5th Cir. 2000). Because this is Morris' second habeas petition to be filed in this Court relating to the same convictions/sentences and there is no evidence in the record that he sought or received the requisite authorization from the U.S. Fifth Circuit Court of Appeals to file a successive habeas application with the Court, his petition should be dismissed for lack of jurisdiction.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Mark Morris should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Signed in chambers in Baton Rouge, Louisiana, August 26, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**